MATHEWS,' Justice.
This was a death case within the jurisdiction of the Florida Industrial Commission. The deputy commissioner found that the evidence totally failed to- show that the decedent met his death by accident arising out of and in the course of his employment. There were many conflicts in the testimony- and different inferences could be drawn from the testimony.
In his order the deputy commissioner reviewed the testimony citing the case of Bowen v. Keen, 154 Fla. 161, 17 So.2d 706, as authority for a statement in the order that had the decedent been on a special mission at the request and direction of his employer and been killed while fulfilling this mission, the claim would have been compensable. He held that the evidence totally failed to show that the employee was on any such mission. He found that the decedent had concluded any mission he may have been on for his employer and that the claim was governed by the case of Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495. There is material difference between being on duty twenty-four hours a day and being subject to call twenty-four hours per day. Even though the employee may have been subject to call, after hours, to perform some special mission, he is not on duty unless it is shown that he had been called, after hours, to perform some special duty and had responded to such call.
On appeal for review the full Commission affirmed the.deputy commissioner and held that there- was “competent, substantial , evidence in the record to support the findings of fact heretofore made by the Deputy Commissioner”. • The deputy was affirmed upon the authority of United States Casualty Company v. Maryland Casualty Company, Fla., 55 So.2d 741.
On appeal to the Circuit Court ■ to review the order of the full Commission the Circuit Court reversed the full Commission and found: “There is no competent substantial evidence to sustain the findings of the Deputy Commissioner.”
 It is quite evident that there was competent, substantial evidence in the record to sustain the findings of the deputy commissioner and that the order of the full Commission, affirming the order of the deputy, was correct. The deputy commissioner was a trier of the facts and it was proper for him to reconcile conflicts in *50 the testimony and to draw inferences therefrom. It appears that the Circuit Judge simply disagreed with the findings of fact and conclusions of law of the deputy commissioner and, in so doing, applied the wrong rule of law applicable to such cases.
Reversed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.