DREW, Justice.
The commission has affirmed an award of compensation for injuries to the claimant Laney in an accident suffered by her while driving her automobile.
The material uncontroverted facts are that claimant’s employment, involving bookkeeping and office work, required frequent irregular hours, for which reason she was furnished an office key. On the afternoon of the accident she was away from the office for a period of hours on a purely personal shopping mission, and had agreed to complete her work later in the day or evening. Upon returning in the late afternoon after office hours, she discovered while still in her car that she had forgotten her office key. She started driving home to get it and the collision occurred en route.
The order on the point in question is that “the -going and coming rule does not apply in this case. * * * She was engaged in a mission incidental to her employment.” The commission’s affirmance cites Bowen v. Keen, 1944, 154 Fla. 161, 17 So.2d 706. The claimant’s employment in that case involved many duties away from the employer’s place of employment, and at the time of his injury he was en route from his home upon specific assignment to pick up his employer’s truck before regular working hours. We think the *878 single circumstance of irregular work hours is obviously insufficient to bring the claimant in this case within the rule in Bowen, the rationale of which is succinctly stated at page 709 of the opinion:
“ ‘ * * * Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. An agreement to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service, and hence within the purview of the Compensation Act.’ ” (Quoting Voehl v. Ind. Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245.)
We are unable to see how the possession of a key, to be used for the ordinary going and coming of an employee who works irregular hours, can imply any agreement that the employment covers the employee en route to or from his place of employment. Nor is there any reasonable foundation for the theory that the particular mission, a trip by an employee to get her key, was one incidental to her employment in any way other than all acts by which an employee prepares to go to work.
The petition for writ of certiorari is accordingly granted, the order quashed upon authority of the decisions reaffirming the classic going and coming rule in this state,[1] and the cause remanded with directions that an order be entered in accordance with this opinion.
THORNAL, C. J, O’CONNELL and SEBRING (Retired), JJ., concur.
ROBERTS, J., dissents.

. United States F. & G. Co. v. Rowe, 126 So.2d 737 (Fla.1961).