377 So.2d 693 (1979)
Rita EADY, Petitioner,
v.
MEDICAL PERSONNEL POOL et al., Respondents.
No. 53417.
Supreme Court of Florida.
November 29, 1979.
*694 Robert J. Compton of the Law Office of Robert J. Compton, Fort Lauderdale, for petitioner.
Stephen W. Bazinsky of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for respondents.
ADKINS, Justice.
By petition for writ of certiorari we have for review a decision of the Industrial Relations Commission reversing an award of workmen's compensation benefits. Our jurisdiction is derived from Article V, section 3(b)(3) of the Florida Constitution.
The issue in this case is the applicability of the going and coming rule to an employee with irregular hours of work who was injured while responding to a call on behalf of her employer. The petitioner, Mrs. Rita M. Eady, is a registered nurse. She worked for Medical Personnel Pool, a temporary manpower service that provides nurses and other trained medical personnel. Medical Personnel Pool is not an employment service; instead, the workers it hires are and remain its employees.
Medical Personnel Pool provides temporary workers to its clients both on established schedules and on a special request basis. Mrs. Eady and many other employees did both kinds of jobs. They were subject to being called at any time and offered a special request job, even after having just completed a scheduled eight-hour shift. Although an employee accepting a job would have to set out promptly for wherever the special request assignment *695 was, such assignments had the attraction that the employee was always paid for at least four hours work even if the assignment took less time than that. An employee on a special request job would likely be discharged once he completed his task, and thus he would receive four hours' pay even if he had worked only an hour or two.
On May 28, 1976, Mrs. Eady worked a 7:00 A.M. to 3:00 P.M. shift for Medical Personnel Pool at the Pinecrest Nursing Home. At about 4:30 P.M. Mrs. Eady was called at home by her employer and as a result was promptly on her way to a private client's home to do an intravenous administration. The testimony conflicts as to how this initial job was arranged, but that conflict is not material here. Mrs. Eady soon completed the assigned task and returned to her home. Later that evening the same client called Mrs. Eady and asked her to return to change the intravenous bottle. She agreed to do so and was injured in an automobile accident while en route.
The judge of industrial claims determined that Mrs. Eady was within the on-call exception to the going and coming rule. He therefore awarded compensation. Medical Personnel Pool and its insurer appealed and the Industrial Relations Commission reversed, finding that there is no authority in Florida law for general application of an on-call exception. The commission regarded Mrs. Eady as having an irregular schedule because each assignment was separate and could come at any hour. According to the commission, because Mrs. Eady was not requested to perform services beyond those she normally did, the mere circumstance that her assignment originated with a call from her employer did not make the injury compensable as an exception to the going and coming rule.
We disagree with the commission's reasoning and conclusions. The going and coming rule is one of the most familiar and most troublesome concepts in workmen's compensation law. It is grounded in the recognition that injuries suffered while going to or coming from work are essentially similar to other injuries suffered off duty away from the employer's premises and, like those other injuries, are usually not work related. Therefore going and coming injuries are as a rule noncompensable. But numerous exceptions allow compensation in certain circumstances. E.g., Grillo v. Gorney Beauty Shops, Co., 249 So.2d 13 (Fla. 1971) (employee traveling for employer); Huddock v. Grant Motor Co., 228 So.2d 898 (Fla. 1969) (transportation furnished by employer); Naranja Rock Co. v. Dawal Farms, 74 So.2d 282 (Fla. 1954) (special hazard in commuting).
Arguably, the commission was correct in its assertion that there is no general on-call exception to the going and coming rule in Florida law. There is a broad exception for employees who are considered to be on duty at all times, such as police officers. Warg v. City of Miami Springs, 249 So.2d 3 (Fla. 1971), Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941). But an employee who is subject to call or is on call is not considered to be on duty at all times. Alan Wright Funeral Homes, Inc. v. Simpson, 93 So.2d 375 (Fla. 1957); Hi-Acres v. Pierce, 73 So.2d 49 (Fla. 1954).
Strictly speaking then, there is no on-call exemption because compensation is based not on the employee's on-call status but on the circumstance that at the time of injury he was on a special errand in response to a call from his employer. The going and coming rule does not apply to employees on special errands or missions for the employer. Moody v. Baxley, 158 Fla. 357, 28 So.2d 325 (1946). Special errands often arise in the context of an afterhours call from the employer. See Feltner v. Southern Bell Tel. & Tel. Co., 274 So.2d 530 (Fla. 1973). As a practical matter, the irregularity and suddenness of a call from the employer will almost always qualify it as a special errand exempt from the going and coming rule.
There have not been any Florida cases testing the point, but, logically, compensation for a going or coming injury will be denied when the errand is insufficiently special in the context of an employee's normal *696 hours and duties. The single circumstance of irregular hours is insufficient to award compensation. Everett Ford Company v. Laney, 189 So.2d 877 (Fla. 1966). Therefore, absent other special circumstances, an employee with irregular hours cannot be considered to be on a special errand when he is simply instructed to perform his usual duties at an irregular time.
Mrs. Eady's hours were ordinarily irregular and the service she was to perform was routine to her job. Apparently it was not unusual for Medical Personnel Pool employees to be called for a special request assignment after having already completed a scheduled shift or to be called back to the same client. Considering only those circumstances there seems to have been nothing special about the assignment Mrs. Eady was on, and therefore nothing for the special errand exception to take hold of. But a basic principle underlying the rule is that a going or coming injury is compensable as a special errand if the journey was a substantial part of the service performed for the employer. See generally Blount v. State Road Dept., 87 So.2d 507 (Fla. 1956); Bowen v. Keen, 154 Fla. 161, 17 So.2d 706 (1944); 1 A. Larson, The Law of Workmen's Compensation § 16.00 (1978).
A recognized authority in the field of workmen's compensation law justifies the "journey as part of the service" principle with the following example:
Suppose that an employee, who lives a considerable distance from the mine where he is employed, has as part of his job the duty of returning to the mine at night and throwing a switch to turn on the pumps so that the mine will be ready for operations in the morning. His actual work consists of a single motion which takes but a fraction of a second: the closing of the switch. But anyone appraising that job as a whole would immediately agree that the essence of the service performed was the making of the journey to the mine and back at the precise time when the pumps had to be turned on. It follows that the entire journey to and from the mine is in the course of the employment. [Footnote omitted.]
1 A. Larson, The Law of Workmen's Compensation § 16.00 (1978) at 4-117.
Larson goes on to explain several variables which case law indicates may be useful in resolving difficult cases. If the particular journey is a regular or frequent one, there is a strong presumption that the going and coming rule applies. Also, the relative burden of the journey on the employee should be compared with the extent of the task to be performed in the context of the employee's duties. A significant journey for the sake of a minor task, as in the example by Larson, is indicated to be a substantial part of the service to the employer. The suddenness of the assignment from the employer, the time and length of the journey, and any special circumstances should be evaluated in assessing the relative burden on the employee. See 1 A. Larson, The Law of Workmen's Compensation § 16.11 (1978) at 4-136-39. Of course if the journey is essentially for personal reasons compensation will be denied. See Everett Ford Co. v. Laney, supra; Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495 (1940).
The going and coming rule does not apply to this case because Mrs. Eady was on a special errand for her employer when she was injured. The journey was a substantial part of the service for two reasons, either of which standing alone would be compelling. First, the assignment by the employer came suddenly. Even when the call is a regular part of the job or nominally voluntary, the relative burden on the employee responding to such a call is considerable. See Feltner v. Southern Bell Tel. & Tel., supra. For this reason employees responding to a call from their employer are virtually always outside of the going and coming rule. The task performed by the employee makes little difference in that context. In this case even lengthy service by the employee would be insufficient to outweigh the burden created by the suddenness of the employer's call.
*697 Second, the particular journey Mrs. Eady was on when she was injured was not a regular or frequent one. We look here to the regularity of the specific journey in addition to its timing. Even if the journey is not at a time unusual for that employee, if the destination is irregular the journey is clearly indicated to be a substantial part of the service. In most instances the employee responding to a call is returning to his regular workplace. But in this case the employee was required to go to a destination which was irregular or perhaps even unfamiliar.
The petition for writ of certiorari is granted and the order of the Industrial Relations Commission is quashed. The order of the judge of industrial claims awarding compensation is thereby reinstated.
It is so ordered.
ENGLAND, C.J., and SUNDBERG and McDONALD, JJ., concur.
ENGLAND, C.J., concurs specially with an opinion, with which ALDERMAN, J., concurs.
ALDERMAN, J., concurs in result only.
BOYD and OVERTON, JJ., dissent.
ENGLAND, Chief Justice, concurring specially.
The Industrial Relations Commission stated, correctly I believe, that the "on-call" exception to the going and coming rule is confined to instances where the accident has occurred while the employee was performing services in addition to those contemplated by a regular day-to-day work schedule. It then held, however, that Eady had no regular work schedule, so that a different rule would pertain. The Commission's conclusion as to the regularity of Eady's work schedule on the day of the accident contravenes a finding of the judge of industrial claims that her employment was regular, from 7 a.m. to 3 p.m., and that this incident occurred while she was on "emergency" assignment.
Candidly, the record evidence of Eady's duties is susceptible of dual interpretations. Both the Commission's and the judge's evaluations are plausible. It is precisely because the judge's finding of regularity was reasonably based on competent and substantial evidence, and not because this case implicates legal doctrines suited to irregular employees, that I concur with the Court's decision in favor of Eady. The Commission should not have disturbed the judge's determinative factual finding. See Vargas v. Americana of Bal Harbour, 345 So.2d 1052, 1054 (Fla. 1976).