395 So.2d 225 (1981)
EL VIEJO ARCO IRIS, INC., and American Casualty Company, Appellants,
v.
Ildefonso LUACES, Appellee.
No. XX-22.
District Court of Appeal of Florida, First District.
February 27, 1981.
Rehearing Denied April 2, 1981.
H.B. Yandle, of Law Offices of Joel R. Teague, Coral Gables, for appellants.
Rogelio R. Oliver, Miami, for appellee.
SHIVERS, Judge.
Employer/carrier appeal a workers' compensation order finding the claimant sustained a compensable accident. We reverse.
Claimant, a plumber's helper, was injured in an automobile accident while driving home from work after first picking up some materials from a plumbing supply store at the request of his employer. The plumbing materials were to be used at the job site the next day. Although the employer maintained a company shop, the claimant testified that he usually reported directly to the particular job site at 7:30 a.m. and would return home from the job site at 4:00 p.m. The day of the accident, the claimant worked eight hours at the job site. At 3:55 p.m., he left the job site and took his usual route home. Pursuant to his employer's request, he picked up the plumbing materials at the supply store which was on his route home. After picking up the materials, he resumed his trip home and was involved in the automobile accident at 4:05 p.m.
*226 The deputy commissioner erred in failing to apply the going and coming rule and in finding that the claimant was involved in a special errand for the employer at the time of the automobile accident while on his way home. Injuries sustained by a claimant while going to or coming from his place of work are not considered to have arisen out of and in the course of his employment. George v. Woodville Lumber Company, 382 So.2d 802 (Fla. 1980).
The deputy commissioner attempted to justify the award under the special errand exception to the going and coming rule. Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979). Eady, supra, held that a claimant, who was injured while en route from her home to a special assignment from the employer after already working an eight hour work shift that day, was not within the going and coming rule because she was on a special errand for the employer at the time of the injury, the special errand assignment came suddenly, and the particular route to the assignment was not a regular or frequent one. The court noted that if the "particular journey is a regular or frequent one, there is a strong presumption that the going and coming rule applies." However, since the claimant's journey in Eady, supra, was a substantial part of the service performed for the employer because the assignment was sudden and the journey was not a regular or frequent one, the going and coming rule was not applicable.
In the present case, unlike Eady, supra, claimant was injured on his customary route home after completing the special errand for the employer and after completing the day's work. The plumbing supply store at which the claimant had picked up the materials for the employer was on his direct route home. He was injured on a journey that was regular and frequent, not subject to a sudden call by the employer, and the burden of picking up the materials on the claimant was minor when viewed in the context of the claimant's usual duties and his usual route home. See, United States Fidelity & Guaranty Company v. Rowe, 126 So.2d 737 (Fla. 1961) (holding that a claimant injured while carrying employer funds home pursuant to her employer's instructions was not entitled to compensation); Sievers v. Friden, FCR 200, cert. denied, 157 So.2d 819 (Fla. 1963); Central Florida Carpentry v. Jones, IRC Order 2-2937 (1976) (holding that transportation of employer's tools at employer's request was not enough to extend coverage to claimant's accident occurring on the way to work); Quality Wood Products, Inc. v. Awad, IRC Order 2-2946, cert. denied, 345 So.2d 420 (Fla. 1977).
Had the claimant's accident occurred prior to picking up the plumbing supplies, then the claimant would have still been within the course of his employment and under the special errand exception to the going and coming rule. However, since the claimant had completed the burden of performing the employer's instructions by picking up the plumbing supplies, he was outside his employment at the time of the accident. Consequently, under the going and coming rule, claimant is not entitled to compensation since his accident occurred while en route home from work.
Accordingly, the appealed order is REVERSED.
SHAW and THOMPSON, JJ., concur.