424 So.2d 822 (1982)
POINCIANA VILLAGE CONSTRUCTION CORPORATION and Travelers Insurance Company, Appellants,
v.
Joseph GALLARANO, Appellee.
No. AI-55.
District Court of Appeal of Florida, First District.
August 23, 1982.
On Rehearing October 19, 1982.
*823 J. Burke Culler, Jr. of Adams, Coogler, Watson & Merkel, West Palm Beach, for appellants.
Krupnick & Campbell, P.A., Fort Lauderdale, and Tyrie A. Boyer, of Boyer, Tanzler, Blackburn, Boyer & Nichols, Jacksonville, for appellee.
SHAW, Judge.
This cause is before us on appeal from a workers' compensation order in which the deputy found that the accident arose out of and in the course of employment and that the "going and coming rule" was inapplicable. We reverse.
Claimant/appellee, a superintendent with the appellant construction company, was authorized to use his personal automobile to pick up supplies and other materials needed on the job. No records were kept of whether or when the claimant picked up supplies, and use of the vehicle for such purpose was left to claimant's discretion. For the use of his vehicle in this fashion, he was paid an extra $25.00 per week.
On November 20, 1979, claimant was involved in an automobile accident at approximately 6:45 A.M. while traveling from his home in Boca Raton to his work site in West Palm Beach. He testified that he customarily arranged his schedule so as to arrive on the job site at 7:30 A.M. and leave at 4:30 P.M. This testimony was unchallenged. Normally, injuries flowing from such an accident would fall squarely within the "going and coming rule" and would not be compensable. See Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979); George v. Woodville Lumber Co., 382 So.2d 802 (Fla. 1st DCA 1980); El Viejo Arco Iris, Inc. v. Luaces, 395 So.2d 225 (Fla. 1st DCA 1981). The deputy found that there was no way to tell from the evidence submitted whether or not the claimant actually was on his way to purchase supplies on the morning that the accident occurred. He nevertheless concluded that
[T]he agreement to pay the claimant $25.00 for his transportation expenses for picking up supplies is in essence a contract to pay the claimant's transportation expenses to the extent of $25.00 per week during the time that the claimant travelled to and from work. For this reason, I find that the claimant's accident does not fall within the "going and coming rule." ...
It is therefore clear that the award is based upon the extra $25.00 per week that the claimant was paid for using his personal vehicle in the manner aforementioned. We fail to see this as an agreement by the employer to furnish transportation, a recognized exception to the "going and coming rule." Swartzer v. Food Fair Stores, Inc., 175 So.2d 36 (Fla. 1965). Such a finding stretches the evidence beyond its probative value and is contrary to the claimant's own testimony that the employer did not pay him for driving his automobile to work. The deputy's reliance upon employer-supplied transportation or an agreement by the employer to pay for the claimant's transportation to work is unwarranted. No other theory having been advanced for excepting the claimant from the "going and coming rule," the award of benefits was error and is accordingly reversed.
ROBERT P. SMITH, Jr., C.J., concurs.
ERVIN, J., dissents with opinion.
ERVIN, Judge, dissenting.
I would affirm because the question of a contract between claimant and employer for the employer to pay the claimant's transportation expenses is one properly resolved by the deputy commissioner and supported by competent, substantial evidence.
In Swartzer v. Food Fair Stores, Inc., 175 So.2d 36, 37 (Fla. 1965), the Supreme Court stated the rule for determining whether the facts of a case bring it within the going and *824 coming rule or make it an exception thereto:
"Generally it appears that the employer's liability in such cases depends upon whether or not there is a contract between employer and employee, express or implied, covering the matter of transportation to and from work."
Once an obligation to furnish transportation is demonstrated, by whatever means satisfied, then "[t]he hazards of the highway [are] inherent" in the contract of employment and claims arising therefrom are compensable as arising out of and in the course of employment. (cites omitted.)
Claimant was paid $25 a week to use his automobile to make work-connected pickups and deliveries at his discretion during travel to and from work and during the workday. Performing this part of his job necessarily required travel time and travel expenses. Claimant had to use his personal vehicle because the employer provided neither a delivery person nor a company vehicle. In such a situation the following comments by Professor Larson are altogether pertinent:
§ 16.20 Payment for Time of Travel When the employee is paid an identifiable amount as compensation for time spent in a going or coming trip, the trip is within the course of employment. This is a clear application of the underlying principle that a journey is compensable if the making of that journey is part of the service for which the employee is compensated.
* * * * * *
§ 16.30 Payment for Expense of Travel This factor, which is often lumped together with payment for time of travel, is not quite the same.
* * * * * *
[I]n the majority of cases involving a deliberate and substantial payment for the expense of travel ..., the journey is held to be in the course of employment... . [T]hat employment should be deemed to include travel when the travel itself is a substantial part of the service performed.
1 Larson, The Law of Workmen's Compensation, 4-153, 4-158 (1978).
There is another applicable rule of law cited in Larson which provides an independent basis for affirmance:
§ 17.50 Employee Required to Furnish Own Conveyance
If the employee as part of his job is required to bring with him his own car ... for use during his working day, the trip to and from work is by that fact alone embraced within the course of employment.... [T]he obligations of the job reach out beyond the premises, make the vehicle a mandatory part of the employment environment and compel the employee to submit to the hazards associated with private motor travel, which otherwise he would have the option of avoiding. But in addition there is ... the factor of making the journey part of the job, since it is a service to the employer to convey to the premises a major piece of equipment devoted to the employer's purposes... . [I]t is immaterial whether the employee is compensated for the time or expenses of the journey since work-connection is independently established by the fact of conveying the vehicle to the operating premises.
Id. at 4-207.

ON MOTION FOR REHEARING
PER CURIAM.
Upon reconsideration of the briefs and record, we find there was substantial competent evidence of an understanding and expectation shared by claimant and his employer that claimant would drive his personal automobile from home to the worksite and would use that automobile in the employer's interest with some regularity, picking up materials and equipment before, during and after work hours for use in construction at the worksite. For that use of claimant's automobile the employer paid claimant $25 per week toward automobile expenses.
*825 The distance claimant regularly travelled to and from work appears to have been not more than 20 miles each way, not an unusually long trip, so the automobile allowance cannot confidently be regarded, absent a clearer agreement by the parties, as given to induce claimant into the employment despite the burden and expense of commuting. Cf. A. Larson, 1 Law of Workmen's Compensation, § 16.30 at 4-172 (1978) (emphasizing the "sheer size of the journey" in cases where travel expenses are deemed to bring coming and going, nothing else considered, within the risks of employment). And it perhaps stretches things to say that claimant "as part of his job [was] required to bring with him his own car ... for use during the working day... ." 1 A. Larson supra, § 17.50 at 4-207 (using such other imperatives as "mandatory" and "compel").
But debating whether $25 per week was the essential inducement for claimant's bringing his automobile, or whether claimant was "required" as a condition of employment to put his automobile to his employer's service, obscures how elements from both formulas join in the present facts to make a case quite as strong as if it satisfied either formula alone. Underlying both tests is a policy that the employer should bear the economic risks of an activity, here an employee regularly using his automobile in his employer's service, which was convenient if not necessary to the employer's business and which the employer thought was convenient enough to pay significantly for. Cf. Blount v. State Road Department, 87 So.2d 507 (Fla. 1956).
The deputy's order is weighted also by the employer's failure to adduce significant evidence rebutting the showing made by claimant. No employer records of off-site purchases by claimant were available, and no supplier testified about the frequency and hours of claimant's off-site purchases. It might have been provable, we would suppose, if business errands were so infrequently a part of claimant's coming and going as to be insignificant to that travel. Proving the frequency of claimant's purchases while coming or going might also have shown, circumstantially, that this particular trip, of which the injured claimant indisputably has no memory, was or was not freighted with a business purpose.
The question therefore calls for someone's careful judgment on the significance of facts proved and unproved in a close case. Understanding the matter in that way, we must defer to the deputy's ultimate finding of compensability. Minds of different experiences, such as those of three judges randomly assigned from a multi-judge appellate court, may reasonably find different shades of significance in elements of the same factual pattern. That three judges here have unsuccessfully combed the record for decisive evidence, and are inclined to call the case this way or that within an exceedingly narrow range of reasonable possibilities, suggests that the deputy's similar finding  he being the trier of facts and the judge of their significance both first and foremost  likewise falls within that range of reasonable analysis. We accordingly resist the temptation to retry the case on appeal.
The motion for rehearing is GRANTED and the deputy's order is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and ERVIN, J., concur.
SHAW, J., dissents with opinion.
SHAW, Judge, dissenting.
I would deny the motion for rehearing for the reasons set forth in this Court's original opinion.