THOMPSON,'Judge.
The self-insured employer appeals the order of the deputy commissioner (deputy) finding claimant’s accident compensable, contending the deputy erroneously determined that the claimant’s injury arose out of and in the course of his employment. We agree and reverse.
Claimant was injured in an automobile accident on November 1, 1979 at approximately 3:15 a.m. while on his way to work. Claimant normally worked from 7:30 a.m. until 4:00 p.m., but it was not unusual for him to work overtime. On the day before his accident claimant’s employer requested that he come to work at 4:30 a.m., or three hours before his normal starting time. While driving to work on November 1, claimant was involved in an accident with two drag-racing vehicles approximately 15 miles from his place of employment.
The claimant contends that he was on a special errand for the employer since he was reporting to work early at the employ *707 er’s request. Accordingly, he concludes that under Bowen v. Keen, 154 Fla. 161, 17 So.2d 706 (1944), compensation is not precluded by the going and coming rule. The deputy agreed with, this rationale and ruled that the claim was compensable.
However, Bowen is distinguishable from the instant case. In Bowen the employee worked irregular hours, often working both early and late, and sometimes rendered 24-hour service to his employer. His employment involved many duties away from the employer’s place of business. At the time of his injury he was on the way to work early, at his employer’s request, to pick up a truck so he could make two out-of-town business trips for his employer in one day. In the instant case, the claimant worked regular hours from 7:30 a.m. to 4:00 p.m., with the exception of some voluntary overtime, as a rigger at the Tampa Ship Repair and Dry Dock Company. His job did not require travel. At the time of the accident he was driving his own car en route to the employer’s place of business to perform his job. The route taken was selected by him, and it was apparently his normal and usual route to work. He was not on any special errand or mission for his employer, but was merely en route to do his regular job. There was no evidence that he was required to take a different or more dangerous route because of going to work earlier than customary, nor that the highway was more congested or dangerous at this time than it was at the time he usually went to work.
With certain exceptions, injuries sustained by employees while going to or from work do not arise out of and in the course of their employment. Sweat v. Allen, 145 Fla. 733, 200 So. 348 (1941); George v. Woodville Lumber Co., 382 So.2d 802 (Fla. 1st DCA 1980). The only circumstances in this case which could even arguably make it an exception to the going and coming rule is the fact that the claimant left for work approximately three hours earlier than normal. The single circumstance of irregular hours is not a sufficient basis for finding that the accident arose out of and in the course of claimant’s employment. Everett Ford Company v. Laney, 189 So.2d 877 (Fla.1966). “Therefore, absent other special circumstances, an employee with irregular hours cannot be considered to be on a special errand when he is simply instructed to perform his usual duties at an irregular time.” Eady v. Medical Personnel Pool, 377 So.2d 693, 696 (Fla.1979). The claimant was not on a special errand or mission for his employer. He was not on 24-hour call, nor do the facts and circumstances of this ease set forth any other recognized exception to the going and coming rule. Accordingly, the finding of compensability was erroneous and is reversed.
ROBERT P. SMITH, Jr., C.J., concurs.
SHIVERS, J., dissents, with opinion.