SHIVERS, Judge,
dissenting.
I respectfully dissent and would affirm the order of the deputy commissioner finding claimant’s accident compensable.
Our Supreme Court, speaking through Justice Adkins in Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979), clarified the going and coming rule. It does not apply to employees on special missions or errands for the employer. Although there is no general on call exception to the going and coming rule, special errands often arise in the context of calls from the employer. The Eady case discusses favorably, and at some length, the analysis of Professor Arthur Larson, author of The Law of Workmen's Compensation, on this subject.
One special circumstance present in the case at bar is that the overtime work which the employer asked the employee to perform required the claimant to drive to work at a particularly hazardous time, i.e., in the middle of the night. Encountering drag racers, as happened here, is the type of hazard which would more commonly be encountered at 3:00 A.M. than at claimant’s regular time of going to work. Professor Larson states that if overtime work is extended so far into the night as to transform a journey into a substantially more inconvenient or hazardous trip, a case may be made for invoking the special errand rule. *708 1 Larson’s Workmen’s Compensation Law, § 16.12. Larson cites an Oklahoma case which is factually close to the case sub judice. In Thurston Chemical Co. v. Casteel, 285 P.2d 403 (Okl.1955), a worker who normally started to work at 8:00 A.M. was directed by his employer to appear at 4:00 A.M., and the Oklahoma Court awarded compensation. Larson approved, stating the award was proper due to the onerousness of the trip.
Here, at the end of his regular shift, claimant was instructed to come to work at 4:30 A.M., three hours earlier than the beginning of his regular work day. Based on the suddenness of the assignment and the onerousness of the trip outside his usual and regular working hours, it appears claimant’s journey should be considered as part of the service he was rendering to his employer, thus placing his injury under the special errand exception to the going and coming rule.