498 So.2d 1033 (1986)
SUSAN LOVERINGS FIGURE SALON and Aetna Life & Casualty, Appellants,
v.
Trisha McRORIE, Appellee.
No. BK-22.
District Court of Appeal of Florida, First District.
December 16, 1986.
Philip D. Parrish of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellants.
W. James Kelly and C. Kenneth Stuart of W. James Kelly, P.A., Lakeland, for appellee.
PER CURIAM.
This cause is before us on appeal from a workers' compensation order finding appellant temporarily totally disabled as a result of her motorcycle accident on the way home from work and awarding temporary total disability and medical benefits. The deputy commissioner found the accident to fit under an exception to the "going and coming" rule in finding compensability. We reverse.
Appellee, a 39-year-old employee of the figure salon (appellant), was injured in a motorcycle accident at approximately 11:25 p.m., while en route home after working late to finish up some paperwork. Appellee was considered the manager of the salon by most of the employees and was *1034 known to often work odd hours, filling in for other employees and performing some of the owner's duties. Appellee testified that she considered herself the manager of the salon, as she was paid more than the other employees, had the authority to hire and train employees, was required to pick up supplies using her vehicle, would clean up and do paperwork at the end of her shift, and would fulfill some of the owner's functions when she was not there.
On the evening of the accident, her shift ended at 9:00 p.m., but she stayed late to finish her paperwork, as she had before on numerous occasions. She testified that she was on her "regular way home" that evening when the accident occurred. The other driver was charged with driving under the influence of alcohol.
The record indicates that appellee was never paid overtime for working late and that she never received direct reimbursement for using her vehicle to pick up supplies or going to the salon at odd hours, although the owner would frequently buy her dinner. The owner testified that appellee declined the manager's position when offered and that all the employees run errands with their vehicles and are required to do paperwork.
The deputy found compensability and awarded benefits on the basis that appellee was the "defacto" manager of the salon, who was "on call" on the evening of the accident and expected to work late, and (because of her late-night hours) was exposed to a hazard (drunk drivers) which resulted in her injuries.
As a general rule, injuries sustained by an employee when en route to or from his regular place of business are noncompensable, as they are not considered to have arisen out of or in the course of employment. However, there are many exceptions under which compensation may be awarded. George v. Woodville Lumber Co., 382 So.2d 802, 803 (Fla. 1st DCA 1980). Technically, there is no "on call" exception to the going and coming rule for persons subject to being called, who (unlike police officers) are not on duty at all times. Eady v. Medical Personnel Pool, 377 So.2d 693, 695 (Fla. 1979). However, circumstances may arise where at the time of the injury, the employee was on call and responding to an employer's request that the employee perform a special errand or mission. In such instances, the going and coming rule does not apply. Eady, supra at 695, citing Moody v. Baxley, 158 Fla. 357, 28 So.2d 325 (1946). For the special errand exception to apply, the Eady court found the suddenness and irregularity of the call to be essential, pointing out that the irregularity of hours alone is insufficient. Id. at 696, citing Everett Ford Company v. Laney, 189 So.2d 877 (Fla. 1966).
In the instant case, appellee was not on duty at all times but may have been on call when the accident occurred. Nevertheless, the record is devoid of any evidence indicating that appellee was responding to a sudden call from the employer to run a special errand or mission at an irregular hour. To the contrary, the record is clear that appellee was working late to finish one of her ordinary duties (paperwork), as she had often done on previous occasions, and was on her "regular route home," approximately two and one-half hours later than her official end of shift, when the accident occurred. We find the application of an exception to the going and coming rule under these circumstances to be in error.
As to the deputy's finding that "working after hours at night created the hazard of encountering a drinking driver from which the injury arose; and, as a result of her employment after regular working hours she was more susceptible to injury by a drinking driver," we find no competent, substantial evidence in support thereof.
Accordingly, we reverse the order below.
BOOTH, C.J., and MILLS and WENTWORTH, JJ., concur.