525 So.2d 987 (1988)
SPARTAN FOOD SYSTEMS & SUBSIDIARIES and Seibels, Bruce Group, Appellants,
v.
Terry M. HOPKINS, Appellee.
No. 87-564.
District Court of Appeal of Florida, First District.
May 20, 1988.
*988 David A. McCranie, of Karl, McConnaughhay, Roland & Maida, Tallahassee, for appellants.
Roderic G. Magie, of Arnold & Magie, Milton, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a June 22, 1987 workers' compensation order by which claimant was found to have sustained a compensable injury and awarded temporary disability and medical benefits. Appellant contends the deputy erred in applying the special errand exception to the going and coming rule. We affirm.
Claimant sustained injuries when she was involved in a vehicular accident while traveling to work at a Hardee's restaurant owned by the employer in Pensacola. Claimant was assigned to this restaurant with a reporting time of 8 a.m., and on the day of the accident had received a telephone call from her supervisor asking her to stop at a Hardee's in Milton to obtain extra beverage cups which she could bring with her when she arrived at work. Claimant left home approximately 35 minutes earlier than usual, and the trip to Milton required claimant to deviate from her usual route to work. She traveled to Milton and obtained the cups as requested, thereafter returning to her normal route which she usually travels to work, when her vehicle was rear-ended while she was stopped in traffic on the interstate highway.
Claimant testified that her trip to Milton involved a total of approximately 10 miles and 20 minutes extra time. Claimant was not compensated for this trip and does not receive any mileage reimbursement. She stated that in the two years during which she has worked for the employer she has made approximately 15 unreimbursed trips for various errands, and that about three weeks before the date of her accident she had traveled to the Hardee's in Milton to obtain an extra coffee pot on the way to work.
The deputy commissioner entered an order finding that at the time of her injury claimant was on a special errand for her employer and covered under the workers' compensation law "from portal to portal." The deputy determined that claimant sustained a compensable injury and awarded temporary disability and medical benefits.
Where an employee is merely performing ordinary employment duties which are occasionally required, the special errand doctrine is not always applicable. See Susan Loverings Figure Saloon v. McRorie, 498 So.2d 1033 (Fla. 1st DCA 1986). Appellant argues that the special errand doctrine should not apply in the present case because claimant had previously, on one occasion, made a similar trip to benefit the employer. However, one prior instance does not negate the suddenness and irregularity of the task in the present case. *989 Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979). Claimant testified that she was awakened by the employer's call, that she left her home earlier than usual to perform the task, and that the trip necessitated a deviation of approximately 10 miles from her usual route. Bruck v. Glen Johnson, Inc., 418 So.2d 1209 (Fla. 1st DCA 1982), involved an application of the special errand doctrine in similar circumstances, where an injury occurred while an employee was traveling to work after a 10 mile deviation from his usual route in order to obtain supplies which his supervisor had requested.
Compensation has been denied upon a determination that the special errand had ceased when an employee was injured after resuming his normal route home subsequent to stopping in compliance with his employer's request to obtain supplies for the next day's work. See El Viejo Arco Iris Inc. v. Luaces, 395 So.2d 225 (Fla. 1st DCA 1981). The Luaces ruling should not be extended to the circumstances of the present case, as the court there indicated that the employee was injured on a regular and frequent journey, she was not subject to a sudden call by the employer, and the burden of picking up the materials was minor when viewed in the context of the employee's usual route home. The present case involves dissimilar circumstances, as the employer's sudden call necessitated that claimant travel an unusual route in order to bring the supplies to work, thus increasing the burden and more closely paralleling the facts in Bruck, supra.
Although claimant had returned to her usual route to work at the time of her accident, this circumstance does not negate the errand for her employer. When a trip is made for both a business and a personal motive, it is deemed to be an employment activity for workers' compensation purposes. See Nikko Gold Coast Cruises v. Gulliford, 448 So.2d 1002 (Fla. 1984); Krause v. West Lumber Co., 227 So.2d 486 (Fla. 1969). These cases indicate that no inquiry is made as to the relative importance of either the business or personal motive beyond a determination that the business purpose would have required a trip even had the private purpose not existed. See also Larson, The Law of Workmen's Compensation, sections 18.12 and 18.21. In the present case claimant's supervisor testified that it was essential that the extra cups be obtained for the morning shift, and that if claimant had not performed this task someone else would have had to be dispatched for the supplies. Claimant's special errand thus remained a concurrent cause of her trip even after she resumed her normal route to work, so as to render the journey an activity within the course of her employment excepted from the going and coming rule in accordance with Gulliford.
Affirmed.
ZEHMER and BARFIELD, JJ., concur.