BASKIN, Judge.
Jose and Nubia Robelo appeal the entry of final summary judgment in favor of United Consumers Club, Incorporated, and United Consumers Franchise Corporation [collectively referred to as UCC] in their action for damages for the wrongful death of their son resulting from an automobile accident. We affirm.
John Pistone was president of ARCA Corporation, a franchise and agent of UCC. His wife, Elizabeth Pistone, occasionally helped out in the corporation office on an as needed basis, when she was available and willing to work. She was not paid for her services. As part of John Pistone’s compensation from ARCA, he was furnished a van which he utilized both as a display vehicle and as family transportation. ARCA retained title to the van.
On the day of the accident, John called Elizabeth and asked her to come to the office. Elizabeth was driving the van to ARCA’s offices when she was involved in a collision with Javier Robelo. Robelo died in the crash; his parents, Jose and Nubia Robelo, sued UCC, ARCA, and Elizabeth Pistone for damages in connection with the death of their son. UCC moved for summary judgment; the trial court granted the , motion and entered a final summary judgment.[1] The Robelos filed this appeal.
A principal becomes liable for the tortious actions of its agent only if the agent acts within the scope of the agency. Life Ins. Co. of North America v. Del Aguila, 417 So.2d 651 (Fla.1982); Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla.1986). Accordingly, we must determine whether Elizabeth Pistone was acting in the scope of her employment with ARCA, UCC’s agent, at the time of the incident. Only then may UCC, as ARCA’s principal, be held liable as a matter of law for her tortious acts.
The law is well-settled that an employer is not liable for torts of its employees committed while the employee is either going to work or returning home, unless the employee is on a special errand for the employer. Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979); Everett Ford Co. v. Laney, 189 So.2d 877 (Fla.1966); Foremost Dairies, Inc. of the South v. Godwin, 158 Fla. 245, 26 So.2d 773 (1946). Irregular hours alone are insufficient to designate the employee’s coming and going a special errand for the employer.[2] Eady; Everett Ford. Elizabeth Pistone kept irregular hours. She was not an employee “on call” because, although she worked only when needed, she was not required to make herself available on demand: she worked only when ARCA needed her and she wanted to work. At the time of the accident, Elizabeth Pistone was not on a special errand for her employer, but was merely traveling to the office.
Even if the employee is not on a special errand for the employer, the employer may still be liable for injuries caused by the employee in an accident occurring *397 while the employee is in transit to the office if the employer provides transportation to and from the workplace. See Huddock v. Grant Motor Co., 228 So.2d 898 (Fla.1969). It does not follow, however, that an employer is liable for injuries each time an employee causes injury in a car owned by the employer; the nature of the use of the vehicle is determinative. ARCA’s ownership of the van does not create vicarious liability on the part of UCC because the undisputed facts indicate that the van was used at least partially for pleasure and not for business. Cf. Foremost (employee, as record title holder of the vehicle for business and personal use, liable for accident occurring en route to office even where employer contributed to vehicle’s upkeep).
The trial court correctly ruled that summary judgment in favor of UCC was appropriate.
Affirmed.

. This lawsuit remains pending against ARCA, as owner of the vehicle, and Elizabeth Pistone, as driver of the vehicle.

. We decline to hold that Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979), mandates reversal of the final summary judgment in favor of UCC. Here, unlike Eady, Elizabeth Pistone was traveling to work and not to a location which was unfamiliar or irregular. She was not on a special errand for her employer — she worked on an as needed basis only when she was available and desired to do so.