629 So.2d 838 (1994)
Carlos SANTOS, Appellant,
v.
STATE of Florida, Appellee.
No. 79860.
Supreme Court of Florida.
January 6, 1994.
*839 James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court reimposing the death penalty upon Carlos Santos following this Court's earlier remand for a new penalty phase. The facts of this case are stated in our earlier opinion. Santos v. State, 591 So.2d 160 (Fla. 1991). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
On remand, no new evidence was adduced. At this proceeding, the State informed the trial court of its belief that the trial court was bound to find that the two statutory mental mitigating factors existed: extreme emotional disturbance, and substantial inability of the defendant to conform his conduct to the requirements of the law. See § 921.141(6)(b), (f), Fla. Stat. (1987). The State also informed the trial court that the aggravating factor of cold, calculated premeditation would not be permissible in light of this Court's prior opinion on direct appeal. See Santos, 591 So.2d at 163. In sum, the State conceded that the two mitigating factors existed and that cold and calculated premeditation did not.
Nevertheless, the trial court ignored the State's concessions. In resentencing Santos to death, the trial court expressly found that cold and calculated premeditation existed and that the only mitigating factor was Santos' abusive childhood. The trial court further found in aggravation that Santos had been convicted of another violent felony, i.e., any of the crimes occurring during the transaction in which the instant murders occurred, which were the only crimes on Santos' record. After weighing these factors, the trial court concluded that death was the proper sentence.
*840 The opinion previously issued by this Court was a plurality. However, it is clear that five members of this Court joined in the conclusion that the factor of cold and calculated premeditation could not exist on the present record. Santos, 591 So.2d at 163 (plurality opinion joined by three members), 165-66 (Kogan, J., concurring in part, dissenting in part, joined by Barkett, J.). No new facts have been introduced below to alter that conclusion.
Under the Florida Constitution, both a binding decision[1] and a binding precedential opinion[2] are created to the extent that at least four members of the Court have joined in an opinion and decision. See art. V, § 3(a), Fla. Const. As we have stated elsewhere:
Once a trial court is apprised of error in a case that must be reversed ..., the trial court is not free to commit the same error again on remand... .
Ellis v. State, 622 So.2d 991, 1000 (Fla. 1993). Accordingly, the trial court plainly erred in ignoring the clear instructions of this Court's decision and opinion regarding the factor of cold, calculated premeditation.
We note that there was no clear majority in the direct appeal as to whether the two mental mitigators existed. The plurality opinion stated only that the record "suggested" the presence of the factors, Santos, 591 So.2d at 163, and the separate opinions on appeal did not clearly establish that four justices believed the factors to be absolutely proven. However, any remaining question on this point was wholly eliminated when the State on remand conceded that these two factors existed. During a penalty phase, the trial court can exceed its discretion in failing to find mitigating factors that both the State and the defense concede to exist. Nibert v. State, 574 So.2d 1059 (Fla. 1990); Campbell v. State, 571 So.2d 415 (Fla. 1990); Rogers v. State, 511 So.2d 526 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). On the present record, the trial court exceeded its discretion.
The only remaining aggravating factor was the trial court's finding that Santos had committed other felonies during the transaction in which these murders occurred. Assuming arguendo that this factor is valid for present purposes, we nevertheless must note that the aggravating weight is obviously of lesser magnitude than the case for mitigation.
In counterbalance, the State has conceded that Santos' case exhibits two of the weightiest mitigating factors  those establishing substantial mental imbalance and loss of psychological control. We also find (as the State concedes) that under Scull v. State, 533 So.2d 1137, 1143 (Fla. 1988), cert. denied, 490 U.S. 1037, 109 S.Ct. 1937, 104 L.Ed.2d 408 (1989), the trial court should have found in mitigation that Santos had no prior history of criminal conduct. As noted in Scull, this mitigating factor must be found if a defendant had no significant history of criminal activity prior to the transaction in which the instant murder occurred. Id. Our prior opinion in this case directly ordered the trial court to find and weigh any mitigating factor established anywhere in the record that is supported by sufficient evidence. Santos, 591 So.2d at 164 (quoting Rogers, 511 So.2d at 534). The State here concedes that Santos had no history of criminal activity prior to the instant murders. Accordingly, the factor cannot be discounted.
There can be no possible conclusion other than that death is not proportionally warranted here, because the case for mitigation is far weightier than any conceivable case for aggravation that may exist here. Art. I, § 17, Fla. Const. Accordingly, the penalty in this case is reduced to life imprisonment without possibility of parole for twenty-five years as to each murder.
It is so ordered.
*841 BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] In the present context at least, a "decision" is the result reached by the Court in the case, as distinguished from the "opinion."
[2] For present purposes, the "opinion" is the entire written statement issued by the Court in reaching its decision in a case, including the analysis and reasoning.