PER CURIAM.
The employer/carrier appeal a workers’ compensation order in which it was established that the claimant sustained com-pensable injuries while traveling to work in response to the employer’s sudden call. We conclude that the judge properly applied section 440.092, Florida Statutes (1991), and the special errand doctrine as delineated in Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979).
When two other employees failed to appear for work, the employer called the claimant at home on her scheduled day off. The claimant agreed to work, and was told that she needed to arrive as soon as possible. Leaving home without breakfast, the claimant began driving to work along her regular route. She stopped at a convenience store to purchase breakfast which she intended to eat while driving, so as to expedite the travel and hasten her arrival. Upon exiting the convenience store, the claimant was struck by a vehicle and sustained various injuries.
In her employment application the claimant had indicated that she would be available for work at any time. She was called on her day off on other isolated occasions, with the employer generally notifying the claimant in advance. In the present instance the claimant had no advance notice, and the judge found that the employer’s call was both irregular and sudden. Also finding that the claimant did not substantially deviate in stopping at the convenience store, the judge determined that the claimant’s injuries were compensable because she had embarked on a special errand.
In Eady the supreme court addressed the special errand doctrine. Acknowledging that in the absence of special circumstances injuries sustained while traveling to or from the workplace are not ordinarily compensable, the court recognized a special errand exception to this going and coming rule. See also § 440.092(2), Fla.Stat. (1991). Noting that *1124 special errands often arise in the context of an afterhours call, and that the irregularity and suddenness of such a call will almost always qualify it as a special errand, the court indicated that the special errand exception will apply even when such calls are a contemplated part of the employment or are nominally voluntary. Emphasizing that the worker is under a considerable burden in responding to such a call, the court applied the special errand doctrine because the assignment from the employer came suddenly.
Although the claimant in the present case was to perform tasks within the ordinary scope of the employment, and was traveling to work along her regular route, these circumstances- do not alter the special errand character of the assignment. The worker in Eady was also called to perform a task within the ordinary scope of the employment, and the court noted that the task involved makes little difference in the context of a sudden call. The court further indicated that either the suddenness of the assignment, or the irregularity of the particular journey, would provide an independently compelling basis for application of the special errand doctrine. Indeed, in the course of this discussion the court cited to Feltner v. Southern Bell Tel. & Tel., 274 So.2d 530 (Fla.1973), where a worker was found to be within the course of the employment when responding to an after-hours call and traveling to the regular workplace.
In Feltner the workers often received aft-erhours calls. In Eady the worker was subject to being called at any time, and such calls were not unusual. However, in each ease the worker apparently had no knowledge or notice that the particular call which led to injury would come when it did. The inconvenience and burden in responding to such an unexpected and sudden call made the journey a part of the rendered service. Likewise, the claimant in the present case had no advance knowledge and could not fairly anticipate the particular call. The suddenness of the call thus brought the journey within the course of the employment, as a special errand.
The application of the special errand doctrine generally depends on factual determinations which must be supported by competent substantial evidence. See Tampa Airport Hilton Hotel v. Hawkins, 557 So.2d 953 (Fla. 1st DCA 1990). The present record contains- sufficient evidence to support the factual findings upon which compensability was established, in accordance with section 440.092 and the special errand doctrine. The appealed order is therefore affirmed.
ZEHMER, C.J., and ERVIN, JOANOS, BARFIELD, ALLEN, WEBSTER, DAVIS, BENTON and VAN NORTWICK, JJ., concur.
WEBSTER, J., concurs with opinion in which BENTON, J., concurs.
WOLF, J., specially concurs with opinion.
LAWRENCE, J., dissents with opinion in which BOOTH, MINER, KAHN and MICKLE, JJ., concur.