WEBSTER, Judge,
concurring.
It appears relatively clear to me that one holding in Eady v. Medical Personnel Pool 377 So.2d 693 (Fla.1979), is that the special errand exception to the going and coming rule applies when an employee is injured responding to a “sudden” (i.e., unexpected) call from his or her employer. I am unable to read the following language from Eady as intended to have any other meaning:
The going and coming rule does not apply to this case because Mrs. Eady was on a special errand for her employer when she was injured. The journey was a substantial part of the service for two reasons, either of which standing alone would be compelling. First, the assignment by the employer came suddenly. Even when the call is a regular part of the job or nominally voluntary, the relative burden on the employee responding to such a call is considerable. See Feltner v. Southern Bell Tel. & Tel., [274 So.2d 530 (Fla.1973)]. For this reason employees responding to a call from their employer are virtually always outside the going and coming rule. The task performed by the employee makes little difference in that context.
*1125 Id. at 696. I am, likewise, unable to agree with the dissent’s characterization of the Eady opinion as not “ ‘a binding decision’ or ‘a binding precedential opinion’ ... because there was no majority opinion.” The opinion, authored by Justice Adkins, reflects that Chief Justice England and Justices Sundberg and McDonald concurred. Therefore, it would seem to me that there was a majority opinion, which created precedent binding upon us. See Santos v. State, 629 So.2d 838, 840 (Fla.1994).
I question the wisdom, from a public policy standpoint, of allowing recovery in a case such as this. However, it seems to me that Eady mandates such a result. Accordingly,
I concur.