WOLF, Judge,
specially concurring.
To the extent that the next to the last paragraph of the majority opinion can be read to indicate that “the suddenness of the call” standing by itself mandates a finding of compensability, I must disagree. I would affirm, however, based on the factual findings of the JCC which determined that the additional burden placed on the employee as a result of the employer’s call would justify a finding of compensability.
In Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979), the supreme court reversed an order of the Industrial Relations Commission which overturned a finding by the judge of industrial claims that the employee was on a special errand for the employer. The court stated the general rule that injuries suffered by an employee going and coming from their place of employment are not compensable but that
[T]he going and coming rule does not apply to employees on special errands or missions for the employer.
Id. at 695.
The supreme court found that the Industrial Relations Commission erred because
[A]s a practical matter, the irregularity and suddenness of a call from the employer will almost always qualify it as a special errand exempt from the going and coming rule.
Id. at 695 (emphasis added). While the supreme court indicated that the suddenness of a call normally placed a considerable burden on the employee and, thus, there would be a compelling support for upholding a finding of compensability by the trier of fact, the test for determining whether a trip involved a special errand for the employer was a review of all the circumstances to determine the extent of the burden placed on the employee.[1]
Larson goes on to explain several variables which case law indicates may be useful in resolving difficult cases. If the particular journey is a regular or frequent one, there is a strong presumption that the going and coming rule applies. Also, the relative burden of the journey on the employee should be compared with the extent of the task to be performed in the context of the employee’s duties. A significant journey for the sake of a minor task, as in the example by Larson, is indicated to be a substantial part of the service to the employer. The suddenness of the assignment from the employer, the time and length of the journey, and any special circumstances should he evaluated in assessing the relative burden on the employee. See Larson, The Law of Workmen’s Compensation § 16.11 (1978) at 4-136-39.
Eady at 696 (emphasis added).
In Tampa Airport Hilton v. Hawkins, 557 So.2d 953 (Fla. 1st DCA 1990), this court recognized that evaluation of these factors generally depended on factual matters to be determined by the JCC.
In the instant case, the JCC cited the Tampa Airport Hilton case and specifically indicated that he was considering a number of factors and not just the suddenness of the call, “i.e., the expense and inconvenience caused by the employee in having to go to *1126 the employer’s premises a considerable distance.” The JCC also specifically found in pertinent part as follows:
I. Sue Finoechi applied for work with the Employer on August 1,1989, completed an employment application on that date, and indicated therein that she was available for work “any time.”
4. Prior to’April 13, 1992, neither Dusty Workman, Al Chancey, nor George Hart, had ever called the Claimant into work on her scheduled day off without advance notice.
5. A deli manager, Donna Nichols, who was not the claimant’s supervisor, had called the Claimant into work on her scheduled day off on only one occasion previously, approximately six (6) months prior to April 13, 1992.
6. The Claimant lived forty (40) miles from work.
7. The Claimant was not scheduled to work on April 13, 1992, nor was she advised in advance that she might be called into work on that date.
II. Lisa Switzer, under the instruction of Dusty Workman, requested that the Claimant come to work as soon as possible and assist in the deli department.
14. The Claimant stopped at a convenience store five (5) minutes from her home which was located directly on the street normally traveled to work.
15. The Claimant purchased breakfast which was intended to be eaten while driving to work, and which was intended to expedite travel to work in order to fulfill the requirement of getting to work as soon as possible.[2]
16. Upon exiting the convenience store, as a pedestrian, the Claimant was struck by a vehicle and suffered severe injuries, primarily to her hips and legs.
It is clear that the JCC considered not only the suddenness of the call involved, but also other factors which would constitute a burden on the employee, including distance from the job, the request to come immediately, as well as the necessity to make a stop to obtain food at a convenience store. Under these circumstances, I feel that the JCC’s determination is supported by competent substantial evidence.

. It should be noted that the factual situation presented to the supreme court in Eady demonstrated a number of other factors which were burdensome to the employee (e.g., the nature of the call involving a serious medical problem, the fact that the employee had already worked a full shift on the day in question, and the brief period of time that the claimant would be at the work site in contrast to the length of the trip).

. It would also be noted that factual findings number 14 and 15 would negate any argument that stopping at the convenience store constituted a substantial deviation.