LAWRENCE, Judge,
dissenting.
I respectfully dissent because the majority holding extends workers’ compensation benefits beyond that authorized by the applicable statutes and case authority. The order of the JCC should be reversed.
The issue best can be expressed as follows: is a sudden (short notice) call from an employer to an employee, without more, sufficient to qualify as a special errand, so as to exempt an employee from the general rule that workers are not covered by workers’ compensation when travelling to and from work? The majority essentially concedes that it is relying on short notice alone to determine the special-errand exception, by its conclusion that “the claimant in the present case had no advance knowledge and could not fairly anticipate the particular call. The suddenness of the call thus brought the journey within the course of the employment as a special errand.” Majority op. at 1124.
I do not take issue with the JCC’s findings of fact. However, in my view, he incorrectly applied the law to the facts. Finoechi was employed by Publix as a meat wrapper, seafood worker, and deli worker. She was accustomed to working according to a schedule prepared on a weekly basis. She was on notice at the time of her initial employment that she might be asked to work at times and on days other than those regularly scheduled. The record indicates it was Publix’ policy to call employees in to work whenever someone else called in sick or failed to appear. It was also the store policy to continue to call workers until someone agreed to fill that day’s vacancy. Finoechi previously had reported to work on her day off. The only distinguishing feature in the instant case is that the call came without any advance notice.
On the day of the accident, Monday, April 13,1992, Finoechi was not scheduled to work. *1127 When two workers failed to appear for their shift, she was called at her home by a coworker at 8:30 a.m. and requested to report for work. She was under no compulsion, either direct or indirect, to work on her day off. Other employees were contacted before Finocehi, but had declined to report. Finoc-chi agreed to come in, took about forty-five minutes to get ready, and then stopped at a convenience store five minutes away from her home to get something to eat, when she was injured.
The majority view relies principally on Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979), as authority for its position. Eady is factually dissimilar from the instant case, a point which even the JCC in this case recognized and acknowledged.[1] Eady was an “on-call” nurse who responded to an emergency call from one of her patients during the evening hours. Stye was paid a minimum of four hours work for responding to such calls. She was injured while en route to perform a brief task (to change an intravenous bottle) at the patient’s home. The court, in holding the special-errand exception applicable, found the journey was irregular both as to its timing and its destination.
Feltner v. Southern Bell Telephone & Telegraph Co., 274 So.2d 530 (Fla.1973), another case upon which the majority relies, is also factually dissimilar. Feltner was a worker who responded to an emergency call during the evening hours in order to correct a malfunction of telephone switching equipment. He was paid a minimum of three hours at the overtime rate for responding at an irregular time. Feltner was fatally injured while en route to perform the special errand. The court, in finding the accident compensable, noted that Feltner could not have declined the request for such conduct would have constituted a “black mark” on his record. The court further noted that the nocturnal journey required by the employer’s call was not part of Feltner’s daily work.
Finocehi, in contrast to Eady and Feltner, was not responding to an emergency situation. The record shows she took a full forty-five minutes to get ready to go to work. She was free to decline the request to report to work. Finocehi moreover was travelling her usual route to work to perform routine job duties. Her hours and task were not substantially different from normal, and the journey, which involved the identical distance and route she normally travelled, as well as the identical destination, posed no unusual hazards. Finocehi was not paid for her travel time or expense. Neither was she paid any additional compensation for working on her day off. Amy expense or inconvenience she incurred by having to travel forty miles to work cannot be said to be “special” in view of the fact she always travelled this distance to go to work. In other words, there was nothing special about the day of the accident, except that the request to report to work came on short notice. Finocehi simply elected to take advantage of an opportunity to earn an additional day of wages for that week. Compensation for a going and coming injury is denied when the errand is insufficiently “special,” considering an employee’s normal hours and duties. Eady, 377 So.2d at 696.
Apparently recognizing that there are multiple factors which must be considered in determining whether a journey qualifies as a special errand, and' that “suddenness” or short notice alone is insufficient, the JCC concluded that Finocchi’s request to report for work was both sudden and irregular. “Irregularity” in the instant case, however, is nothing more than suddenness — both involve the timing of the call to Finocehi, rather than Finocchi’s destination or task. Irregularity and suddenness in the instant case constitute but a single factor.
The Eady court moreover recognized a strong presumption in favor of application of the going and coming rule when it said that “Larson goes on to explain several variables which ease law indicates may be useful in resolving difficult cases. If the particular journey is a regular or frequent one, there is a strong presumption that the going and coming rule applies.” Eady, 377 So.2d at 696 *1128 (emphasis added). Finocchi’s journey was both a regular and a frequent one; the going and coming rule therefore should be applied.
No case has been cited, nor am I aware of any Florida case which holds that a sudden call, without more, is sufficient to constitute a special errand. While the suddenness of an employer’s call might be “compelling,” the Eady court did not hold that a sudden call makes an accident per se compensable. The court recognized that review of all the circumstances [2] is essential in determining the relative burden placed on the employee by the errand, and whether the errand’s burden is sufficient to trigger application of the special-errand exception. Eady, 377 So.2d at 696-97. Of the multiple factors to be considered, at least five were present in Eady: (1) Eady’s journey was irregular because her destination was not ordinary; (2) Eady responded to an emergency call from a patient; (3) the task to be performed, though important, was nominal in view of the burden of her journey; (4) the call was sudden; (5) Eady was paid for a minimum of four hours work, even though the actual time worked would have been much less.
Finally, even if Eady were factually similar to the instant case, Eady does not appear to be “a binding decision” or “a binding prece-dential opinion” for this court because there was no majority opinion. Santos v. State, 629 So.2d 838, 840 (Fla.1994). Only three of the seven justices actually and effectively joined in the plurality opinion upon which the majority in the instant ease relies. Therefore, it is not a binding precedential opinion pursuant to article V, section 3(a) of the Florida Constitution. Santos.
One may rely simply on his or her common sense to conclude that the circumstances present in Finocchi’s case must occur thousands of times every day and are predictable in the commercial world in which we live. I cannot imagine that the legislature intended to extend compensability to these common, everyday circumstances.
I must conclude that there are no special circumstances in this case to warrant application of the special-errand exception to the going and coming rule. I would reverse the order of the JCC and deny compensability for the accident. I would also certify the following question to the Florida Supreme Court as one of great public importance:
IS A SUDDEN (SHORT NOTICE) CALL FROM AN EMPLOYER, WITHOUT MORE, SUFFICIENT TO QUALIFY AS A SPECIAL ERRAND, SO AS TO EXEMPT AN EMPLOYEE FROM THE GENERAL RULE THAT WORKERS ARE NOT COVERED BY WORKERS’ COMPENSATION WHILE TRAVEL-LING TO AND FROM WORK?

. In his order finding the accident compensable, the JCC recites as follows: "I find that the cases of ... and Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla.1979) are also similarly not factually on point.”

. In determining whether a errand constitutes a "substantial part of the service,” courts are to consider: (a) the relative regularity or unusualness of the particular journey; (b) the relative burden of the journey compared with the task to be performed at the end of the journey; (c) the suddenness of the assignment; (d) the time and length of the journey; and (e) any special circumstances affecting the burden on the employee. 1 Larson, The Law of Workmen's Compensation, § 16.13 (1993); Eady, 377 So.2d at 696-97. Other factors to consider are whether the employee is compensated or reimbursed for the travel or the time spent going and coming, whether the employee’s work entails travel away from the employer’s premises, and whether the call is of an emergency nature. 1 Larson, supra §§ 16.15, 16.31 n. 53; Leonard v. Dennis, 465 So.2d 538, 540 (Fla. 2d DCA), review denied, 476 So.2d 673 (Fla.1985).