448 So.2d 1150 (1984)
CITY OF TAMPA, Self-Insured, Appellant,
v.
Samuel JONES, Jr., Appellee.
No. AU-78.
District Court of Appeal of Florida, First District.
April 11, 1984.
Rehearing Denied May 9, 1984.
*1151 Stephen M. Barbas, Asst. City Atty., Tampa, for appellant.
Susan R. Whaley of Macfarlane, Ferguson, Allison & Kelly, Lawrence Anzalone, Tampa, for appellee.
THOMPSON, Judge.
The employer appeals a compensation order holding that an injury sustained by the claimant while he was participating in a city league basketball game was compensable. We reverse.
The claimant, a police officer employed by the City of Tampa (City), is a leader and active member of a basketball team known as the Tampa Police Department basketball team. The team has been in existence since prior to 1974, the year claimant joined the Tampa Police Department (Department). Team membership is ordinarily limited to members of the Department but non-members of the Department have participated in city league games in past years. Although the team uniforms bear the legend "Tampa Police," neither the City nor the Department sponsored the team. The costs of uniforms and equipment, and other expenses such as league fees are paid by the players, by independent organizations such as the Fraternal Order of Police, or by corporate sponsors. The team's organizational meeting for the 1982-1983 season was held at police headquarters, and an announcement of the meeting was circulated through Department channels. However, neither games nor practice sessions were held in the police gymnasium, and it was undisputed that participation on the team was entirely voluntary.
Although the team was apparently formed for the purpose of participating in city league basketball activities, the evidence shows that on five occasions between 1974 and 1982 the team played "special games" for the Department's benefit. The "special games" were in the nature of exhibition games played for the purposes of aiding police recruiting efforts and for improving police-community relations. On occasions when the "special games" were played, team members who wished to participate were placed on special duty status by the Department, which permitted those officers scheduled to be on duty at the time of the game to participate in the game rather than to carry out their usual duties. The officers placed on special duty continued to receive their regular pay notwithstanding that they were playing basketball rather than performing their usual work. However, team members not scheduled to be on duty at the time "special games" were to be played were not placed on special duty status and did not receive pay for the time they participated in the games. Although the chief of police categorically denied that team members were ever given time off with pay so they could participate in city league games, pointing out that such practice would violate Department rules and the provisions of the Department's collective bargaining agreement with its officers, claimant's testimony provides competent substantial evidence this occurred occasionally. It was uncontradicted that no officer was ever placed on special duty status so that he could participate in a city league basketball game, and it was similarly undisputed that claimant's injury occurred while he was off duty and was playing in a city league game.
At the hearing, the chief of police testified that the "special games" played for the benefit of the Department were considered official Department functions, and *1152 that any injuries which a Department team member might sustain in such a game would be considered compensable. The claimant testified that in his opinion, the team's participation in the city league constituted "practice" for the special games, and that participation in the city league games should therefore be considered an official activity or duty, with any injuries sustained therein being also compensable. This testimony is not competent substantial evidence. It is merely opinion and to so hold would require a finding that the team played nine full seasons of city league basketball over a nine year period as practice for "special games" held in 1974, 1975, 1981, and 1982. There is no evidence in the record that any authorized special duty game was played for five consecutive years and it is neither logical nor reasonable that the team would play five full seasons of city league basketball as practice for a "special game."
In the order appealed, the deputy commissioner (deputy) correctly stated the issue as being whether the claimant's injury arose out of and in the course of his employment, and further correctly relied on Professor Larson's three-part test for determining when recreational or social activities are to be considered within the scope of employment. See 1A A. Larson, The Law of Workmen's Compensation § 22.00 (1982); Brockman v. City of Dania, 428 So.2d 745 (Fla. 1st DCA 1983). The three-part test requires consideration of the following:
1. Whether the activities occur on the employer's premises during a lunch or recreation period as a regular incident of the employment; or
2. Whether the employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or
3. Whether the employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.
The deputy specifically found in the order that a police officer's participation in "special games" would meet the Larson criteria, while participation in city league games would not. We agree with this finding. He made no finding as to whether the city league games constituted "practice" for "special games." He also specifically found that the City derived no direct benefit from the city league games. Notwithstanding the finding that injuries sustained during participation in city league play would not meet the Larson test for compensability, the deputy ruled the injury sub judice compensable upon his finding that:
[A]s long as the City of Tampa allows a group of its officers to hold themselves out as a City of Tampa Police Department Basketball Team, and in the course of that team's endeavors, from time to time, orders them to take part in certain basketball contests which aid the police department, that the members of the team must be covered by Workers' Compensation for all games. (emphasis added).
This case does not involve an issue of apparent agency, and the fact that the City allowed a group of its officers to hold themselves out as a City of Tampa Police Department Basketball Team has no legal effect on whether the claim is compensable.
The finding that the Department orders team members to participate in "special games" was apparently founded on language in only one official Department memorandum concerning a "special game," which was quoted in the Deputy's order as follows:
"The following officers will participate in a recruiting effort by playing a basketball game. * * *"
Although it might appear at first glance that this is the type of evidence which is within the deputy's sole province to evaluate, we are unable to find that it constitutes competent substantial evidence to support the ruling of compensability under the circumstances of this case. The quoted *1153 statement from the memorandum is patently ambiguous and the deputy's interpretation of the statement as an order requiring certain officers to participate in a basketball game is directly contrary to the unambiguous and unequivocal testimony of both the claimant and the police chief that participation on the basketball team was entirely voluntary. In addition, the police chief testified that the above quoted memorandum was not an order requiring the named officers to play in the "special game," but was directed to the Department supervisors in order to notify them that certain officers who had elected to play in the "special game" should be placed on special duty status during the period when the game was scheduled to be played. All other official memoranda relating to "special games" provided that the named officers were authorized to participate in or represent the Department in a basketball game. More importantly, even if we could approve the deputy's finding that the Department occasionally ordered officers to play in "special games," the order appealed sets forth no rationale for the determination that the Department's actions with respect to "special games" justify holding the Department responsible for securing workers' compensation coverage in connection with city league games, which the deputy specifically found did not meet the Larson criteria and did not directly benefit the City. Here, as in Brockman, the claimant has failed to demonstrate a sufficient nexus between his injury and his employment to warrant a finding of compensability. REVERSED.
JOANOS, J., concurs.
SHIVERS, J., dissents.
SHIVERS, Judge, dissenting:
I respectfully dissent and would affirm this close question. There appears to be a sufficient nexus between claimant's injury while a member of the "Tampa Police" basketball team and claimant's employment to warrant the deputy's finding of compensability.