527 So.2d 255 (1988)
BARI ITALIAN FOOD and United Self Insured Services, Appellants,
v.
Greg RITTGER, Appellee.
No. 87-804.
District Court of Appeal of Florida, First District.
June 3, 1988.
*256 Edward G. Matheson and Robert C. Barrett, of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellants.
Robert L. Dietz, Orlando, for appellee.
WIGGINTON, Judge.
Appellants, employer/carrier, appeal the deputy commissioner's order awarding temporary total, temporary partial, and medical benefits to appellee, upon his determination that an injury suffered by appellee in a city league softball game is compensable. We affirm.
On October 3, 1986, appellee suffered a knee injury while playing on a softball team sponsored by his employer, appellant Bari Italian Food, which is a family owned and operated wholesale food business. The evidence showed that the employer had sponsored the team for participation in the city softball league by paying the entry fee and providing uniforms and equipment; the team jerseys bore the words "Bari Badgers"; participation on the team by the employees was voluntary; no games or practices took place on company property nor were they scheduled by the employer; games and practices were held on the employees' own time, but notices thereof were posted on the company premises, and meetings concerning scheduling sometimes were held on company property.
The deputy commissioner made extensive findings and determined that the company received advertising and publicity benefits from the team's efforts. He found that the uniforms displayed the company name; team members, other employees of the company, wives and girlfriends went to various pizza parlors that were clients of the company after the games; sales representatives from the company who handled the pizza parlors' account also attended those postgame activities; the wives and girlfriends wore T-shirts, identifying the company and matching the company's jerseys worn by the players, to the games and to the postgame activities. Placing great significance on the fact that the company is a small family owned corporation which benefited perhaps to a greater extent than a large corporation from such a team endeavor, and due also to the fact that the team then patronized company customers as a group following the games, the DC concluded that the company benefited from the teams' efforts to the extent that this injury should be deemed compensable.
In Brockman v. City of Dania, 428 So.2d 745 (Fla. 1st DCA 1983), and City of Tampa v. Jones, 448 So.2d 1150 (Fla. 1st DCA 1984), this Court adopted a three-pronged test, originally set forth in Larson's Workmen's Compensation Law, Volume IA, Section 22.00, for the determination of the circumstances under which recreational or social activities come within the course of employment. As recognized in those cases, if any one of the three prongs set forth in the test are met by the circumstances of the case, the activity is deemed to be in the course of employment. The three-pronged test requires consideration of the following:
1. Whether the activities occur on the employer's premises during a lunch or recreation period as a regular incident of the employment; or
2. Whether the employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or

*257 3. Whether the employer derived substantial direct benefit from the activity beyond the intangible value of the improvement in employee health and morale that is common to all kinds of recreation and social life.
We find that competent substantial evidence supports the deputy commissioner's determination that the requirements of prong three have been met in the instant case. Therefore, we affirm.
MILLS and SHIVERS, JJ., concur.