561 So.2d 1291 (1990)
Ray HUTCHINSON, Appellant,
v.
DADE COUNTY SCHOOL BOARD and Gallagher Bassett Insurance Service, Appellees.
No. 89-2373.
District Court of Appeal of Florida, First District.
May 24, 1990.
Rehearing Denied June 28, 1990.
Albert E. Harum, Jr., Miami, for appellant.
Steven Kronenberg of Adams, Kelley, Kronenberg & Kelley, Miami Lakes, for appellees.
WIGGINTON, Judge.
Appellant appeals the judge of compensation claims' denial of his claim based upon a finding that his injury was not compensable. We affirm.
Appellant suffered an eye injury in a February 9, 1987 softball game. On the date of the accident, he was employed by the Dade County School Board as a teacher at Cutler Ridge Junior High School. He also was the English Department chairman and commendably held many other leadership roles in the school, including working with other department chairmen in helping to manage the school and develop curriculum, as well as doing budget work and book ordering. He was involved in a voluntary quality school incentive program and had worked extensively with other department chairmen in developing a program for students with severe learning disabilities.
The softball game in which appellant was injured was a Wellness Committee game. *1292 The manager of the wellness program, an employee fitness organization, testified that the program is designed to benefit the employees and participation in the program is clearly entirely voluntary. The game was played on a Sunday afternoon on school grounds. The teams were composed of the participating school faculty members and the Wellness Committee members from the school board administration office. Students were not in attendance at the game.
Appellant admitted that he knew that participation in the game was voluntary and that his job security would not have been endangered if he had not participated in the game. He did feel, however, that if he did not participate in any voluntary efforts in the school, his leadership position would be affected. He stated that some department chairmen played in the game while others did not. He explained that he became involved with the Wellness Committee because two of the department chairmen with whom he had worked closely on the learning disability program were champions of the wellness program; the Wellness Committee was a pilot program formed by the school board; his school was chosen as a pilot school to test the program; he participated in the Wellness Committee to help make the pilot program a success, to repay the people who were working on the committee for their help to him in other areas of school work and in general to help build professionalism and familiarity among the teachers; he believed the program provided a means of communication among the faculty and staff that would benefit students by making the school employees work together as a whole; he felt that participation in the committee provided good public relations for the school which, in turn, affected the quality of the school.
The judge of compensation claims concluded that appellant's testimony did not demonstrate a sufficient nexus between his injury and his employment to justify a finding of compensability. He found that the evidence did not indicate that the employer either expressly or impliedly required participation in the game or that the employer derived any substantial direct benefit from the game.
In Bari Italian Food v. Rittger, 527 So.2d 255 (Fla. 1st DCA 1988), Brockman v. City of Dania, 428 So.2d 745 (Fla. 1st DCA 1983) and City of Tampa v. Jones, 448 So.2d 1150 (Fla. 1st DCA 1984), this court recognized the following three-prong test to be considered in determining whether an activity is in the course of employment:
1. Whether the activities occur on the employer's premises during a lunch or recreation period as a regular incident of the employment; or
2. Whether the employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or
3. Whether the employer derived substantial direct benefit from the activity beyond the intangible value of the improvement in employee health and morale that is common to all kinds of recreation and social life.
Bari Italian Food, at 256-257.
Competent substantial evidence supports the judge's determination that the requirements of the above three-prong test have not been met in this case. Appellant does not contend that prong one applies and, clearly, the evidence supports a determination that prong two is not applicable here. Therefore, the remaining prong for consideration is prong three  whether the employer derived any substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale.
Unlike the situations in Briar Cliff College v. Campolo, 360 N.W.2d 91 (Iowa 1984) and Smith v. Workers' Comp. App. Bd., 191 Cal. App.3d 127, 236 Cal. Rptr. 248 (1987), the instant record supports the judge's determination that appellant was *1293 not involved in an activity that provided a direct benefit to the school and was not involved in an extracurricular student activity when he was injured. Therefore, although his argument that, several steps removed, his participation favorably impacted his students and thus necessarily was of benefit to the school is creative, it falls short of meeting any of the requirements of the above applicable test. At most, the school and its students would derive some indirect benefit from appellant's participation in the Wellness Committee and in the particular softball game in issue. Therefore, we affirm the denial of appellant's claim as noncompensable.
AFFIRMED.
SMITH and WENTWORTH, JJ., concur.