MINER, Judge.
In this case, we review the order of a Judge of Compensation Claims (JCC) which found that appellee/claimant’s automobile accident was compensable and awarded benefits. Finding no competent substantial evidence to support the JCC’s conclusion that claimant’s accident arose out of or in the course and scope of his employment, we reverse and remand with instructions that the claim be dismissed.
Claimant was employed as a waiter in a restaurant owned by appellant/employer at the Orlando International Airport. During the Christmas season of 1986, the employer sponsored a canned food drive to benefit needy families in the Orlando area. To promote this drive, the employer conducted a contest wherein anyone could enter simply by bringing a can of food and signing up for a daily drawing. Prizes for the drawing winners ranged from meals in one of employer’s restaurants to a complimentary cocktail party at employer’s airport lounge.
*765 One Brett Dougherty, a work place acquaintance of claimant’s, entered the contest and won an hour’s free cocktails for himself and nine friends. The claimant was one of the friends Dougherty invited to share his gratuitous good fortune. Dougherty’s cocktail party was not without restrictions, however. The employer established the following rules: (1) no “doubles” would be served; (2) a new drink could not be ordered before the previous drink was finished; (3) no “chugging,” and (4) service could be refused if the rules were not observed or if any of the participants became intoxicated.
Claimant and another guest apparently violated the rules by chugging beer and drinking multiple shots of bourbon. When they appeared to their waitress to have overindulged in the grape, the club manager decreed that no more drinks should be served to them. They and the other revelers left at about 12:25 a.m. The manager saw claimant leave but did not offer any assistance because, according to him, claimant “appeared to be walking fine.” Some five minutes later, claimant, with a stipulated blood alcohol level of .215, wrecked his car thereby sustaining serious personal injuries.
In mid-August of 1987, claimant filed a claim for benefits and requested a hearing. In a pretrial stipulation, the employer/ carrier (e/c) indicated they would challenge the claim based upon claimant’s intoxication and would argue further that the accident did not arise out of or in the course and scope of claimant’s employment. After the hearing, the JCC issued an order finding the accident compensable and awarding benefits. Citing the standard for compensability of recreational and social activities, the JCC found that the employer derived “substantial direct benefit” from the cocktail party; thus, the accident was compensable. The intoxication defense was rejected because it was found that the employer tolerated or encouraged the drinking and was therefore estopped from raising the defense. The “going and coming” rule was held not to be a bar to compensability because the intoxication that caused the accident was set into motion by employment related activities. From the JCC’s order this appeal was taken.
We begin our analysis by observing that the claimant bears the burden of proving that his injury occurred within the course of his employment and was directly attributable to some event or circumstance connected with his work. Martin v. Board of County Commissioners, 79 So.2d 513, 515 (Fla.1955).
In Brockman v. City of Dania, 428 So.2d 745 (Fla. 1st DCA 1983), this court adopted Professor Larson’s view concerning the work-relatedness of employer sponsored recreational and social activities. As stated in Larson’s Workmen’s Compensation Law, Vol. 1A, § 22.00, employer sponsored recreational or social activities are within the scope of employment when
(1) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or
(2) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or
(3) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life.
See also, Hutchinson v. Dade County School Board, 561 So.2d 1291 (Fla. 1st DCA 1990); Bari Italian Food v. Rittger, 527 So.2d 255 (Fla. 1st DCA 1988); City of Tampa v. Jones, 448 So.2d 1150 (Fla. 1st DCA 1984). Because claimant’s participation in the cocktail party was not a regular incident of his employment and was not required by his employer, we can turn our attention to the third category of work-related recreational activities.
In the instant case, the JCC correctly recognized that injuries arising out of the cocktail party could only be deemed in the course and scope of employment if employer derived “substantial direct benefit from the activity.” The JCC found that employer derived such a benefit from hosting the *766 cocktail party and thus held claimant’s accident compensable. We find no competent substantial evidence in the record to support such a conclusion.
In Bari Italian Food, supra, this court recognized that substantial direct benefit could consist of advertising and publicity for the employer. There, the employer sponsored a softball team whose members wore jerseys bearing the company name. In affirming a Deputy Commissioner’s finding of compensability for a knee injury sustained by a player during a softball game, we emphasized the fact that, after games, team members and other employees, including sales representatives, would patronize pizza parlors that were clients of the employer. Bari Italian Food, then, is significant for establishing that “good will” can, in some instances, constitute a direct benefit to the employer.
Although we acknowledge that the claimant presented evidence that part of the employer’s intent in sponsoring the Christmas food drive was to create good will in the community and particularly among airport employees and patrons, we perceive no cognizable benefit to the employer, either direct or indirect, by virtue of claimant’s attendance and conduct at Dougherty’s cocktail party. Becoming intoxicated at the party is, for all the record shows, the only contribution claimant made to employer’s canned food drive.
In view of our disposition of the issue of compensability, we do not reach any other issue raised in this appeal.
REVERSED and REMANDED with instructions to dismiss the claim.
BOOTH and WOLF, JJ., concur.