568 So.2d 998 (1990)
D.C. MOORE & SONS and Nationwide Mutual Insurance Company, Appellants,
v.
Allan Shane WADKINS, Appellee.
No. 89-1990.
District Court of Appeal of Florida, First District.
October 25, 1990.
Steven Scott Stephens, of Alpert, Josey & Grilli, P.A., Tampa, for appellants.
Edward H. Hurt, Sr., Orlando, and Bill McCabe of Shepard, McCabe & Cooley, Longwood, for appellee.
BARFIELD, Judge.
The employer and carrier (EC) appeal a workers' compensation order which awards the claimants, as dependent parents of the *999 deceased employee, death benefits and funeral expenses. We reverse because the deceased employee did not die in an accident occurring within the course and scope of his employment and compensability is barred by the going and coming rule.
The decedent stopped by his employer's warehouse on Monday, his day off, and helped him close up. Decedent inadvertently put the warehouse keys in his pocket and took them home with him. The next morning, when decedent reported for work at 7:30 A.M. his supervisor told him that he should return the keys before he left on a scheduled trip out of town the next morning, Wednesday. Decedent worked until approximately 9:45 P.M. and clocked out, telling a coworker that he was going home to get the keys and would bring them back that night. On his way home he was involved in a fatal traffic collision.
The evidence adduced established that the keys in question belonged to the business, not to decedent, and that none of the employees are supposed to take keys home. When they do so, they are expected to return them on their own time. The keys were not vital to the operation of the business because additional keys were available. The EC argue that under these circumstances the going and coming rule bars compensability, and we agree.
The going and coming rule does not apply to employees who are on special errands or missions for the employer. A special errand exists if the journey was a substantial part of the service performed for the employer. Eady v. Medical Personnel Pool, 377 So.2d 693 (Fla. 1979). A special errand exists where the employee is instructed by the employer to perform a special errand which grows out of and is incidental to his employment. Bruck v. Glen Johnson, Inc., 418 So.2d 1209, 1211 (Fla. 1st DCA 1982). A typical "special errand" exists when the employer calls the employee at home, and instructs him to deviate from his normal route into work to pick up an item needed for the purposes of employment that day. See e.g.: Spartan Food Systems & Subsidiaries v. Hopkins, 525 So.2d 987 (Fla. 1st DCA 1988) (Employee directed to pick up drink cups on way into work); Bruck v. Glen Johnson, Inc. (Employee directed to pick up parts from warehouse on way into work). An employee's trips to and from his place of residence will always have a component of personal motive, but the courts do not weigh the relative importance of the personal motive versus the business motive. So long as the business purpose is at least a concurrent cause of the trip, liability of the EC may exist. Nikko Gold Coast Cruises v. Gulliford, 448 So.2d 1002 (Fla. 1984). To establish liability the inference must be permissible that the trip would have been made even if the personal motive was removed. Id.
In the instant case the special mission exception is inapplicable because decedent's trip home to retrieve the keys was wholly personal. He was not permitted to take the keys home in the first place. The employer merely directed him to comply with the business' policies, and see that the keys were where they belonged before decedent left to go out of town the next day. Everett Ford Co. v. Laney, 189 So.2d 877 (Fla. 1966) is controlling. There the employee arrived at the office, and realized she had forgotten her office key at home. On her way home to get it she was injured in a car accident. The court held the accident was not compensable, noting that the fact that the employer had furnished a key did not imply any agreement that the scope of the employment covered the employee en route to or from the office. The court also found that the trip to retrieve the key was no more incidental to the employment than any other act performed as preparation to go to work. Id. at 878. In the instant case, the facts are even more compelling as the decedent was not supposed to have taken the keys home with him and the keys were not assigned to him personally.
No exception to the going and coming rule was shown. Decedent was on a purely personal mission when he went home to retrieve the keys which should not have been left there in the first place. The trip was necessitated by decedent improperly taking the keys home, and not by any *1000 work-related request of the employer. The Judge of Compensation Claim's conclusion that decedent would not have been making the trip "but for" his employer's instructions is incorrect. Decedent would not have been making the trip but for his unauthorized act in taking the keys home. It would be an unwarranted extension of the workers' compensation act to extend coverage to an employee's trip home to retrieve an item belonging to the employer, which was removed from the employer's premises and taken home in contravention of the employer's rules. The employee's impermissible possession of his employer's keys should not operate to render an otherwise noncompensable, "going and coming" accident compensable.
REVERSED.
SMITH and WIGGINTON, JJ., concur.