573 So.2d 956 (1991)
AMERICAN FAMILY PIZZA, D/B/a Godfather's Pizza, and St. Paul Fire and Marine Insurance Company, Appellants,
v.
Glenn TAYLOR, Appellee.
No. 90-1454.
District Court of Appeal of Florida, First District.
January 18, 1991.
Rehearing Denied February 20, 1991.
John M. Kelley of Adams, Kelley, Kronenberg & Kelley, Ft. Lauderdale, for appellants.
J.J. Goodmark of Goodmark & Goodmark, P.A., West Palm Beach, for appellee.
ALLEN, Judge.
In this workers' compensation appeal, the employer and carrier appeal the order of the judge of compensation claims awarding benefits to the claimant for injuries sustained in an automobile accident. We reject the arguments of the employer and carrier that the claimant was not in the course and scope of his employment at the time of the accident, and we affirm the order under review.
The claimant was an employee of American Family Pizza, d/b/a Godfather's Pizza. In October of 1983, Godfather's upper level management planned a promotional contest in conjunction with Six Flags Atlantis Water Theme Park. In this contest, the patrons of the various Godfather's locations took part in raffles and drawings. As part of the promotion, a competition was run between the employees of the various Godfather's pizzerias. Employees of each pizzeria were encouraged to decorate the contest boxes and exhibit enthusiasm for customer participation. The pizzeria which employed claimant was one of the winners, and its employees were awarded tickets to the theme park.
On December 20, 1983, claimant and his fellow employees met at their pizzeria to begin the trip. The manager and the assistant manager of the pizzeria drove the employees to the park. Arrangements had been made for their shifts to be covered by *957 employees from other Godfather's locations. The hourly employees were not paid for their time spent at the park, but the salaried manager and assistant manager were paid.
At the conclusion of their visit to the park, the employees left in the manager's automobile and drove to another Godfather's location, the Forest Hills pizzeria, where they were provided refreshments. While there, they also utilized the restrooms. The store manager then drove the employees to her home where she had planned a Christmas gift exchange. At the conclusion of the party, the store manager set out to take an employee home. She then planned to take claimant back to the pizzeria to pick up his vehicle. The accident occurred while the group was en route to take the employee home.
Claimant filed a claim for benefits for injuries he sustained in the accident. The employer controverted the claim, asserting that the claimant was not within the course and scope of his employment at the time of the accident.
At the hearing, the employer's upper level management testified that promotion of sales had been the reason for setting up the contest between employees of its various locations. A memo from the employer's vice president specifically referred to the prize as a "store trip," and the employer's area supervisor testified that he considered the trip to be a company activity.
The judge found (1) that the trip to the theme park was within the course and scope of the claimant's employment; (2) that the scope of the trip was understood by the company to include traveling from the Godfather's location to the park and then back again to retrieve vehicles; (3) that since the Christmas party was partially sponsored by the employer, it was merely a continuation of the company trip, and not a deviation from it; and (4) that even if the Christmas party was a deviation, the claimant had returned to the course of his employment at the time of the accident, because the accident had occurred on the most direct route between the Forest Hills pizzeria and the pizzeria where the claimant worked and had left his vehicle.
With respect to the trip to the theme park, we agree with the judge's findings. In Brockman v. City of Dania, 428 So.2d 745 (Fla. 1st DCA 1983), we applied the three-prong test discussed by Professor Larson for determining the circumstances under which a recreational or social event comes within the course of employment. If the activity occurs on the premises during lunch or a recreation period as part of employment, or the employer impliedly or expressly requires participation or makes the activity part of the employee's services, or the employer derives substantial direct benefit, more than improvement of employee morale, the activity is deemed to be within the course of employment.
Here, the trip to the theme park did not occur during lunch or a recreation period and participation was not required. However, unlike the situation in Brockman, there was ample evidence to demonstrate that the employer received a direct benefit. Testimony from upper level management demonstrated that the purpose of the contest was to promote sales. Clearly, this testimony, together with evidence that the management considered the trip to be a company activity, was competent substantial evidence to support the judge's finding that the trip to the theme park occurred in the course and scope of the claimant's employment.
As previously indicated, the judge also found that the Christmas party was itself a company activity and a part of the company trip. In light of the discussion which follows, we need not address the appellants' contention that such finding was not supported by competent substantial evidence.
Because the trip to the theme park was a company activity, travel from the pizzeria to the park and back again to retrieve vehicles was likewise within the course of employment. The general rule is that an employee whose work entails travel away from the employer's premises is within the course of his employment at all times *958 during the trip, other than when there is a distinct departure for a non-essential personal errand. N. & L. Auto Parts Co. v. Doman, 111 So.2d 270 (Fla. 1st DCA 1959), cert. discharged, 117 So.2d 410 (Fla. 1960). Therefore, claimant's injuries are compensable as arising in the course and scope of employment, so long as his attendance at the Christmas party does not defeat the claim.
In Doman, we held that if a claimant deviates from a company trip to participate in a purely private activity, he is not within the scope of his employment until he returns to the employer's place of business or the point of departure. Although that case deals with a traveling employee, which is not involved here, the principle is the same. Therefore, even if the claimant's attendance at the Christmas party was a deviation from the company trip for personal reasons, his injury is nevertheless compensable if he had returned to his point of departure and resumed his trip back to his employer's place of business when the accident took place.
Here, the judge found that the most direct route from the Forest Hills pizzeria to the pizzeria where the claimant worked and had left his automobile was Military Trail, where the accident occurred. Therefore, the judge reasoned that if the gift exchange had never occurred, the claimant would still, in all probability, have had to travel on that section of Military Trail, since the employees had a right under the personal comfort doctrine, Doman, at 111 So.2d 272, to stop at the Forest Hills pizzeria for refreshments and to use the facilities. This is certainly a reasonable analysis when assuming that the entire trip from the pizzeria to the theme park and back again was within the scope of employment. Here, as in Doman, any substantial deviation had ended at the time of the accident.
We hold that competent substantial evidence supported the finding of the judge of compensation claims that the claimant was in the course and scope of his employment at the time of the accident and that his injuries are compensable. Accordingly, the order appealed is affirmed.
SHIVERS, C.J., and BOOTH, J., concur.