BENTON, J.
Juan Rodriguez appeals the order denying his claim for workers’ compensation *1254 benefits on account of a traffic accident. The judge of compensation claims concluded that the accident did not take place in the course and scope of Mr. Rodriguez’s employment because he was on a personal mission at the time. Agreeing that the accident, which occurred while he was on his way to work, did not arise out of his employment, we affirm.
Mr. Rodriguez worked as a truck driver for Tri-State Trucking Company (TriState) delivering dry cement to Tri-State’s customers. The evening before the accident, he loaded one of Tri-State’s trucks with cement for the first delivery the following day. After he finished, he did not drive home in his personal car because he had accidentally locked the keys inside after driving it to work that morning. Instead, he drove the loaded Tri-State truck home, some fifteen miles in the opposite direction from the job site where the next morning’s delivery was to be made.
When he set out the next morning, November 16, 1997, to make the delivery, Mr. Rodriguez was injured in an accident before he regained the route he would have traveled from Tri-State’s place of business to the delivery site. He had only gone a few miles down the road he ordinarily took — and would have taken in his car if the keys had not been locked inside— driving to work at Tri-State’s distribution center.
Tri-State’s handbook for employees required that, when not in use for business purposes, Tri-State’s trucks were to be kept at Tri-State’s place of business. TriState witnesses conceded, however, that they occasionally gave permission for an employee to take a truck home, the handbook notwithstanding, but only, they testified, if the employee’s home was on a direct route to the next day’s delivery site. Although Mr. Rodriguez claimed that he had been given blanket permission to drive Tri-State trucks home, Tri-State’s witnesses disputed this, and the judge of compensation claims resolved the conflict against him.
In denying compensability, the judge of compensation claims relied on cases holding that an employee who is on a personal mission is outside the scope and course of employment. See Fidelity & Cas. Co. v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940); see also § 440.092(3), Fla. Stat. (1997) (“An employee who is injured while deviating from the course of employment, including leaving the employer’s premises, is not eligible for benefits unless such deviation is expressly approved by the employer, or unless such deviation or act is in response to an emergency and designed to save life or property.”). “For such an injury to arise out of employment, it must occur within the period of employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of employment, or engaging in something incidental to it.” Gray v. Eastern Airlines, Inc., 475 So.2d 1288, 1289 (Fla. 1st DCA 1985); see Boulevard Manor Nursing Home v. Lacombe, 557 So.2d 945, 946 (Fla. 1st DCA 1990). “The established rule in Florida is that when one is engaged in a purely private mission he is not within the scope of his employment until he returns to the employer’s place of business or point of departure.” N. & L. Auto Parts Co. v. Doman, 111 So.2d 270, 272 (Fla. 1st DCA 1959); see Am. Family Pizza v. Taylor, 573 So.2d 956, 957-58 (Fla. 1st DCA 1991); Sunshine Jr. Food Stores, Inc. v. Thompson, 409 So.2d 190, 191 (Fla. 1st DCA 1982).
While going to and coming from work ordinarily fall under the general heading of “personal missions,” see, e.g., Cent. Air Conditioning Co. v. Garren, 239 So.2d 497, 498-99 (Fla.1970); D.C. Moore & Sons v. *1255 Wadkins, 568 So.2d 998, 999-1000 (Fla. 1st DCA 1990), the going and coming cases are governed by a separate statutory provision:
An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
§ 440.092(2), Fla. Stat. (1997). The judge of compensation claims found that Tri State did not provide transportation although, even if he had found Mr. Rodriguez’s use of the truck authorized, nothing in the evidence would have supported a finding that any authorized personal use was not exclusive.
Nor was Mr. Rodriguez “engaged in a special errand or mission for the employer,” § 440.092(2), Fla. Stat. (1997), at the time of the accident. The deviation from the usual route of travel between Tri State and the delivery site did not serve any business purpose at all. See D.C. Moore & Sons, 568 So.2d at 999; Spartan Food Sys. & Subsidiaries v. Hopkins, 525 So.2d 987, 989 (Fla. 1st DCA 1988); Bruck v. Glen Johnson, Inc., 418 So.2d 1209, 1211 (Fla. 1st DCA 1982). Mr. Rodriguez’s trip to and from home resembles the trips employees in other cases made after leaving work to retrieve the employer’s keys which they had inadvertently left at home. See Everett Ford Co. v. Laney, 189 So.2d 877, 878 (Fla.1966); D.C. Moore & Sons, 568 So.2d at 999 (reversing compensation award to dependents where “[djecedent was on a purely personal mission when he went home to retrieve the keys which should not have been left there in the first place”).
The dual purpose doctrine has no application here. Mr. Rodriguez took the .truck home solely for his personal convenience. Compare Gilbert v. Publix Supermarkets, Inc., 790 So.2d 1057, 1059-61 (Fla.2001), with, Swartz v. McDonald’s Corp., 788 So.2d 937, 940-46 (Fla.2001). At the time of the accident, Mr. Rodriguez was not yet on the route he would have taken to make the delivery if he had started out from TriState. Cf. Swartz, 788 So.2d 937, 940-46; see also Eady v. Med. Personnel Pool, 377 So.2d 693, 696-97 (Fla.1979). Tri State gained no benefit from Mr. Rodriguez’s decision to take the truck home. See Gilbert, at 1059-60; Nikko Gold Coast Cruises v. Gulliford, 448 So.2d 1002, 1004-05 (Fla.1984); Hages v. Hughes Elec. Serv., 654 So.2d 1280, 1281 (Fla. 1st DCA 1995); Tampa Airport Hilton Hotel v. Hawkins, 557 So.2d 953, 955 (Fla. 1st DCA 1990).
Affirmed.
ERVIN and WEBSTER, JJ., concur.